

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00252-CR

**JAMAL LA-MONTE ROGERS,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

**From the 82nd District Court
Falls County, Texas
Trial Court No. 8945**

## MEMORANDUM  OPINION

Jamal La-Monte Rogers was convicted of failure to comply with the registration requirements of the Sex Offender Registration Program, a third degree felony. TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2006). Specifically, Rogers failed to comply with the change of address provision. *Id*. art. 62.055(a). He pled true to an enhancement paragraph and was sentenced to 18 years in prison. Because the evidence is sufficient to support Rogers' conviction, we affirm the trial court's judgment.

Chapter 62, the Sex Offender Registration Program statute, is not one of the easiest statutes to understand or apply. Recognizing some of the problems, the legislature has attempted a comprehensive rewrite; several times. *See Reynolds v. State*, ___ S.W.3d ___, 2012 Tex. App. LEXIS 7185 (Tex. App.—Waco Aug. 23, 2012, no pet.) (publish). In such a case, it is critical to understand the structure of the statute and what the elements of a violation are as well as the alternative manner and means of violating the statute. The specific provision violated should be clearly alleged in the indictment and preferably in the judgment as well. We note that rather than referencing the statute found to have been violated in the judgment, the judgment merely references the statute that provides the punishment range for the offense.

To properly apply the statute, you must first determine if the statute applies, and if so, then which version. *Id*. Finally, you must determine the manner and means by which the statute was violated. *See Young v. State*, 341 S.W.3d 417, 427 (Tex. Crim. App. 2011).

Generally, the statute applies only to those persons with a reportable conviction or adjudication occurring on or after September 1, 1970. TEX. CODE CRIM. PROC. ANN. art. 62.002(a) (West 2006). A "reportable conviction or adjudication" means a conviction or adjudication that is a conviction for or an adjudication for, among other things, aggravated sexual assault. *Id*. art. 62.001(5)(A). A person who has a reportable conviction shall register with the local law enforcement authority where the person

resides or intends to reside for more than seven days. *Id*. art. 62.051(a). There is no question on this record or raised in the appeal that Rogers had a reportable violation and was thus required to register as a sex offender for life.

A person commits the offense of failure to comply with the registration requirements of Chapter 62 if the person is required to register and fails to comply with any requirement of the Chapter. *Id*. art. 62.102(a). Rogers was indicted for the failure "to report defendant's change of address within seven days of a defendant's actual change of residence." (sic). It is not clear from the indictment which manner and means of violating the statute the State was relying upon. The indictment could have been for the failure to report an intended change in his address, *id*. art. 62.055(a) (first sentence) or that Rogers failed to report "not later than the seventh day after changing the address… in person to the local law enforcement" in which his new residence is located. *Id*. (second sentence) (or for some other violation of the statute). Either failure is a violation of the registration requirements for a person who is required to register. Although the indictment was not clear which provision Rogers allegedly violated, since the only evidence of a new address was in another county, there was no evidence that he violated the provision in the second sentence of the statute in Falls County. Thus, we assume the State sought to prove Rogers violated the first sentence by failing to notify the reporting officer for the City of Marlin, not less than seven days prior to his anticipated move date, that he intended to change his address.

Under that provision, if a person who is required to register pursuant to Chapter 62 intends to change his address, he shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority and provide the authority with the person's anticipated move date and new address. *Id*. art. 62.055(a).

In this appeal, it is undisputed that Rogers was convicted of aggravated sexual assault on September 28, 2006 and, thus, was subject to the statute. It is also undisputed that Rogers timely registered with the registration authority for the City of Marlin, the administrative assistant for the Chief of Police, in compliance with article 62.051. The dispute is whether the evidence was sufficient to support the allegation that Rogers failed to comply with the provisions of article 62.055 by not reporting a change in his address before that change occurred.

In reviewing the sufficiency of the evidence to support a conviction, we view all the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at

326. The factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Further, a factfinder is permitted to draw reasonable inferences from the facts as long as they are supported by the evidence presented at trial. *Merritt*, 368 S.W.3d at 525.

Rogers' argument centers on the meaning of the word *reside* as used in article 65.051(a). He contends *reside* is synonymous with the word *domicile* which means a permanent home to which, whenever absent, a person has the intent to return. And because, he argues, the two words are synonymous, Rogers urges us to find the evidence insufficient to prove beyond a reasonable doubt that he intended to permanently change his residence. The legislature, however, used only the term residence with reference to the reported address.[1] We hold that the term residence is not synonymous with the term domicile and use the common meaning of residence since it is not defined by the statute to evaluate the sufficiency of the evidence.

As stated, it was undisputed that Rogers registered in the City of Marlin as required by article 62.051(a). For purposes of the statute, that is where Rogers resided. The word *reside* is included in that particular provision. The State sought to prove

---

[1] We note that there is a wealth of English language references to a person's address. Words such as domicile and residence are sometimes used without reference to the legal distinctions. Further, there is a fair amount of other terminology that is used, depending on the formality of the circumstances such as where a person calls home, where a person sleeps, where a person lives, and where a person stays. Here, we deal only with a person's "residence" address as used in the statute in this proceeding, and Rogers' failure to report a change of that registered address.

Rogers violated article 62.055, the change of address provision, which required Rogers to report to the City his *change of address* before or after the *change*. We note that implicit in the statute is that the registered address is the person's primary residence in that it provides for only one such registration but also provides for registration of temporary locations. *See* TEX. CODE CRIM. PROC. ANN. art. 62.059(a) (West 2006) (on at least three occasions during a month, a person spends more than 48 consecutive hours in a location other than where registered).

Rogers' registered address was with his uncle, Kevin. Darrel Allen, Marlin's Chief of Police, visited Kevin's home on October 28, 2010 in search of Rogers. Kevin told Allen that Rogers did not live there and that Rogers was living with his girlfriend in Waco. When asked how long it had been since Rogers lived there, Kevin replied that Rogers had left sometime in July or August. Further, documents were introduced which indicated that on October 31, 2010, Kevin reported to Ernesto Alvarez, Rogers' parole officer, that Rogers no longer lived at Kevin's address. Rogers argues we cannot consider this testimony as evidence because it was admitted over objection. This testimony recited, however, was admitted without objection.[2] At trial, Kevin denied telling anyone that Rogers no longer lived at his registered address. In this trial before the bench, the trial court, as the factfinder, could choose which testimony was credible.

---

[2] There was similar evidence offered at other times during the trial to which objections were made. However, we reference and rely upon only unobjected to evidence in the record.

The evidence established that Rogers had not been living at his registered address for three to four months. Viewing the evidence under the appropriate standard, we find it sufficient to prove beyond a reasonable doubt that Rogers failed to report to the City his change of address not later than the seventh day before the intended change. Thus, Rogers' sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 13, 2012
Do not publish
[CR25]